The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>WESTCOTT FRANCIS-CURLEY,<br><br>Defendant. | NO. CR23-126RSM<br><br>**PROTECTIVE ORDER** |

This matter comes before the Court on a Stipulated Motion for Entry of a Protective Order. The Court GRANTS the motion and hereby enters the following order:

**PROTECTIVE ORDER**

1. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Protective Order governs all discovery material in any format (written or electronic) that is produced by the United States in discovery in the above-captioned case.

2. The "Defense Team" shall be limited to attorneys of record for Defendant and any of the following people working on this matter under the supervision of the attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting computer forensic experts, legal assistants, and administrative staff and

Protective Order – 1
*United States v. Francis-Curley*, CR23-126RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

contractors. For purposes of this Order, the "Defense Team" does not include Defendant. Defendant's attorneys shall inform any member of the Defense Team to whom disclosure of discovery material is made of the existence and terms of this Protective Order.

3. Any discovery material produced by the government shall only be used for the purpose of investigating and preparing a defense to the charges in this action, and not for any literary, commercial, or other purpose. Members of the Defense Team may review discovery material with witnesses for purposes of hearing or trial preparation.

4. Members of the Defense Team shall not provide copies of any discovery material to any persons outside of the Defense Team other than the Defendant.

5. The discovery in this case is voluminous, and includes materials and documents that may contain (a) personally identifiable information (PII), (b) sensitive victim and witness information, and (c) victim fraud detection methods.

   a. PII includes, but is not limited to, information such as such as payment card numbers, cell phone IMEI numbers, Social Security numbers, driver's license numbers, dates of birth, addresses, email addresses, mothers' maiden names, passwords, financial lines of credit numbers, bank account numbers, and personal identification numbers.

   b. Sensitive victim or witness information shall mean financial and subscriber information for uncharged individuals.

   c. Victim fraud detection methods shall mean the methods used by victims to detect, monitor, prevent, and analyze acts of fraud and abuse against them or other entities.

6. Redacting the discovery to fully delete the above material would be technically difficult and extremely time-consuming, substantially delay the disclosure of discovery, and frustrate the intent of the discovery process. Additionally, some of the above material is relevant to the charges and issues in this case so cannot be redacted.

Protective Order – 2
*United States v. Francis-Curley*, CR23-126RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. Discovery material designated by the government as "Protected Material" may only be possessed by the Defense Team. The "Protected Material" designation shall only be used to limit the distribution of discovery containing PII, sensitive victim and witness information, or victim fraud detection methods. The Defense Team may not provide copies of Protected Material to any other person, including Defendant. This order does not prohibit the Defense Team from discussing or reviewing Protected Material with Defendant or prospective witnesses.

8. The Defense may include and discuss discovery in any filing and at any hearing in this action, as well as during trial. All "Protected Material" that is filed with the Court in connection with any pretrial, trial, sentencing, or other proceedings, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, unless otherwise agreed upon by the parties. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

9. The government shall designate material as "Protected Material" by stamping or otherwise designating the material as "Protected Material," or by providing the Defense Team with written identification of discovery materials that constitute "Protected Material." When possible, this written identification shall include the Bates number or file name for any material being designated as "Protected Material."

10. If the Defense Team disagrees with the designation of any material as "Protected Material," it shall notify the government in writing of the disagreement, identify with particularly each document and file at issue, and state the basis for the challenge.

11. The Defense Team, at any time after attempting to resolve the matter by agreement with the government, may apply by motion to the Court for a ruling that information designated as "Protected Material" is not entitled to protected treatment

Protective Order – 3
*United States v. Francis-Curley*, CR23-126RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

under this Order. Any such motion must identify with particularity each document and file at issue, and state the basis for the challenge.

12. This Protective Order shall remain in effect upon conclusion of this action, and any habeas proceeding filed within a year of the conclusion of this action, and any appeal from either. The Defense Team may thereafter return to the government or destroy, and certify the destruction of, all discovery material. In the event that the Defense Team believes that it needs to maintain the discovery for a longer period, this Protective Order shall remain in effect until the Defense Team returns, or destroys and certifies the destruction of, the discovery. The Defense Team may provide discovery to any attorney representing Defendant in a timely habeas action, provided that that attorney first enters into a Protective Order substantially identical to this Protective Order.

13. This Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by order of the Court.

14. Nothing in this Order should be construed as imposing any discovery obligations on the government or Defendant that is different from those imposed by case law, Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

DATED this 25th day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Presented by:

 *s/ David T. Martin*
Assistant United States Attorney

Protective Order – 4
*United States v. Francis-Curley*, CR23-126RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970